[No. 331. Decided January 11, 1892.]

JOHN McDONALD, *Respondent*, v. B. B. FREED, *Appellant.*

PRINCIPAL AND AGENT—AUTHORITY OF AGENT—ADMISSION OF PRINCIPAL.

In an action to recover possession of a team of horses sold by the
agent of plaintiff without authority, as alleged, the declaration of
plaintiff that "A. (his agent) wants to sell that team," although not
made to the purchaser, is admissible as tending to show the scope of
the agent's authority.

*Appeal from Superior Court, King County.*

Action by John McDonald against B. B. Freed to recover
a team of horses which one W. H. Altaffer, an employé
or agent of plaintiff, sold to defendant, and then absconded
with the proceeds. Judgment for plaintiff, and defendant
appeals.

*Greene & Turner*, for appellant.

*Austin & Baker*, for respondent.

The opinion of the court was delivered by

ANDERS, C. J.—On the fifteenth day of December, 1890,
appellant purchased the team of horses and harness in con-

troversy from one W. H. Altaffer, who was then, and for
some time previously had been, in possession of the same,
and who represented himself to be the owner thereof. At
the time of the sale appellant paid the purchase price,
which was four hundred dollars, to said Altaffer, who
thereupon delivered the possession of the team to appel-
lant. It seems to be conceded that appellant acted in per-
fectly good faith in the transaction, and honestly believed
Altaffer to be the owner of the chattels, and had no notice
of any rights of respondent. The respondent, however,
was the real owner, and some days subsequent to the sale
to appellant he demanded of the latter the possession of
the team, which being refused, he instituted this action
for the recovery of the same from appellant. As a defense
to the action, appellant claimed and alleged that Altaffer
was not only the agent of respondent for the purposes of
keeping the possession, caring for and working said team
for the benefit of respondent, as claimed by respondent,
but that he was also the agent of respondent for the pur-
pose of selling the team; and that when he sold the team
to appellant he did so as the duly authorized agent of
respondent. It appears that Altaffer had been in posses-
sion of this span of horses for some time previous to the
sale to appellant, and was working them on the streets of
Seattle, and causing the bills for keeping them at the
stables to be charged to himself, and not to respondent.

As tending to prove that it was within the scope of Al-
taffer's agency to make the sale, appellant at the trial of-
fered in evidence the deposition of one O. H. Holcomb, a
keeper of a feed stable, at whose place of business in Seattle
Altaffer was keeping the team at the time of the conversa-
tion set forth in the deposition, and which will hereafter be
disclosed. The deposition was objected to by respondent
on the ground of immateriality, and was excluded. This
ruling of the court is the only question for our consider-

ation in this cause. That portion of the deposition specially claimed by appellant to be material, and which was particularly objected to by respondent, was as follows:

"Q. I will ask you to state whether or not you ever had any conversation with the plaintiff regarding these horses? A. I did.

"Q. State what it was. A. Mr. McDonald came to my place to sell me some hay. It was during the time that the horses were boarding at my place, and during our conversation he spoke about Altaffer. He said, 'is he putting up here with you?' and I said he was. He also said, 'Altaffer wants to sell that team. He says he came up from California with them, and he ran a little short of money in Port Townsend, and I helped him to some money and he wants to sell his team now. He'll pay you; he is an honest man and will pay you and everybody else he owes.'"

It is claimed and insisted on behalf of respondent, that if respondent made the statement contained in the deposition it could work no estoppel against him as the owner of the property, as appellant was not thereby induced to make the purchase, and did not even hear of the alleged statement until after the commencement of this action. In support of their position, counsel for respondent cite numerous authorities to the effect that declarations made by the owner of chattels inconsistent with his ownership will not divest him of his title unless acted upon by the purchaser. This proposition of law is not disputed by counsel for appellant, but they claim that it is inapplicable to the question in issue. It is urged that, although respondent was the owner of the property in dispute, still, if Altaffer, in whose possession it then was, was in fact authorized by him to make the sale at the time it was made, then respondent is bound by the act of his agent, although appellant was not aware of the agency, and supposed he was dealing with the actual owner. This is a familiar principle of the law of agency. Mechem on Agency, §§ 695, 701. And we think that when

the fact as to whether an agency exists is to be determined, any declaration or admission of the principal which in any way tends to establish such agency is admissible in evidence. The sufficiency of the evidence is for the jury, whose province it is to determine the question before them upon all the evidence in the case. Mechem on Agency, § 106.

We are also of the opinion that the statement of respondent to Holcomb, "Altaffer wants to sell that team," was in effect an admission, under the circumstances, on the part of respondent, that he had authorized Altaffer to sell the team. It follows, therefore, that the learned court erred in refusing to permit the deposition to be read to the jury. And we cannot say that appellant was not prejudiced thereby, the judgment of the court below must be reversed and the cause remanded for a new trial.

DUNBAR, STILES, HOYT and SCOTT, JJ., concur.